## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| CAMILA GARCIA  and NATHALIA AGUILAR , individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>SPRUCE SERVICES, INC.,<br><br>     Defendant. | Case No. 2023-001529-CA-01<br><br><u>CLASS ACTION</u><br><br>(JURY TRIAL DEMANDED) |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs Camila Garcia and Nathalia Aguilar, individually and on behalf of all others similarly situated, complain and allege as follows based on personal knowledge as to themselves, on the investigation of counsel, and on information and belief as to all other matters.

## NATURE OF ACTION

1.     Plaintiffs bring this Amended Class Action Complaint for legal and equitable remedies resulting from the illegal actions of Spruce Services, Inc. ("Defendant") in sending automated telephonic sales calls, in the form of text messages, to Plaintiffs' cellular telephones and the cellular telephones of numerous other individuals across Florida, in clear violation of the Florida Telephone Solicitation Act, Fla. Sta § 501.059 ("FTSA").

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes. The matter in controversy exceeds the sum or value of $50,000 exclusive of interest, costs, and attorney's fees.

3.     Personal jurisdiction and venue are proper because Plaintiff Garcia resides within Miami-Dade County, Florida, because Defendant engaged in a telemarketing campaign through

which it knowingly and intentionally directed numerous FTSA-violative text messages (which form the basis of Plaintiff Garcia's claims) into Miami-Dade County, Florida, including while she resided in Miami-Dade County, Florida, such that a substantial portion of the events alleged herein occurred, and the harm to Plaintiff Garcia arose, within Miami-Dade County, Florida. *See* § 47.011, Florida Statutes.

## PARTIES

4.      Plaintiff Garcia is a resident and citizen of Miami-Dade County, Florida. Plaintiff Garcia was at all times mentioned herein the regular user of the telephone number (786) ***-6745 (the "6745 Number").

5.      Plaintiff Aguilar is a resident and citizen of Lee County, Florida. Plaintiff Aguilar was at all times mentioned herein the regular user of the telephone number (239) ***-8717 (the "8717 Number").

6.      Defendant Spruce Services, Inc. is a provider of cleaning and lifestyle services. Defendant is organized and incorporated under the laws of Delaware and maintains its corporate headquarters and principal place of business in Austin, Texas.  Defendant is a "person" within the meaning of Fla. Stat. § 501.059(8)(a).

## THE FLORIDA TELEPHONE SOLITITATION ACT

7.       "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

8.      Thus, on July 1, 2021, to better protect its residents' privacy from intrusive calls and text messages, Florida enacted an amendment to the FTSA to prohibit, *inter alia*, the transmission of unsolicited sales calls and text messages to its residents' telephones.

9.      As amended, the FTSA provides, in pertinent part: "A person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

10.     "Telephonic sales call" is defined, in pertinent part, as a "telephone call [or] text message . . . to a consumer for the purpose of soliciting a sale of any consumer goods or services . . . or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services[.]" *Id.* § 501.059(1)(i).

11.     "Prior express written consent" is defined, in pertinent part, as "a written agreement that . . . [b]ears the signature of the called party[,] [c]learly authorizes the person making or allowing the placement of a telephonic sales call by telephone call [or] text message . . . to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers[,] . . . [i]ncludes the telephone number to which the signatory authorizes a telephonic sales call to be delivered[,] and [i]ncludes a clear and conspicuous disclosure informing the called party that":

    a.  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers . . . ; and

    b.  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

*Id.* § 501.059(1)(g).

12.     "There is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call." *Id.* § 501.059(8)(d)

13.     Any person aggrieved by a violation of the FTSA may receeover $500.00 for each violation pursuant to § 501.059(10)(a), or up to $1,500.00 for each violation committed knowingly or willfully pursuant to § 501.059(10)(b).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14.     Since July 1, 2021, Plaintiff Garcia has received, at the 6745 Number, at least one text message that Defendant made or knowingly allowed another person to make on its behalf.

15.     For example, on or about November 10, 2022, Defendant made, or knowingly allowed to be made on its behalf, a text message to the 6745 Number that stated as follows:

> Spruce: Just in time for turkey day!  Use code CLEANHOME4ALL
>
> to save $20 off your next clean.  https://sprucemyspace.com/zui5jq

16.     Since July 1, 2021, Plaintiff Aguilar has received, at the 8717 Number, at least one text message that Defendant made or knowingly allowed another person to make on its behalf.

17.     For example, on or about December 21, 2022, Defendant made, or knowingly allowed to be made on its behalf, a text message to the 8717 Number that stated as follows:

> Spruce: 48hrs left- Save $20 with code CLEANHOME4ALL on a
>
> Signature    or    Premium    Clean!    Exp.    12/23
>
> https://links.hello.getspruce.com/a/ubcoE

18.     At the time the subject text messages were made to and received by Plaintiffs, each Plaintiff was "an actual or prospective purchaser, lessee, or recipient of consumer goods or services." *Id.* § 501.059(1)(b).

19.     The text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff Garcia's 6745 Number and to Plaintiff Aguilar's 8717 Number were sent to each Plaintiff for the purpose of  "soliciting a sale of . . . consumer goods or services" to each Plaintiff, or "obtaining information [from Plaintiff] that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to each Plaintiff. *Id.* § 501.059(1)(b) & (1)(i).

20.     Accordingly, the text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff Garcia's 6745 Number and to Plaintiff Aguilar's 8717 constituted "telephonic sales calls." Fla. Stat. § 501.059(1)(i).

21.     Plaintiff Garcia is the "regular user of" the 6745 Number, and is therefore the "called party" with respect to the subject text messages made by or on behalf of Defendant to the 6745 Number. *See* Fla. Stat. § 501.059(1)(a).

22.     Likewise, Plaintiff Aguilar is the "regular user of" the 8717 Number, and is therefore the "called party" with respect to the subject text messages made by or on behalf of Defendant to the 8717 Number. *See* Fla. Stat. § 501.059(1)(a).

23.     Each text message sent by or on behalf of Defendant to Plaintiff Garcia's 6745 Number originated from the telephone number (737) 204-6677, which is number leased or owned by or on behalf of Defendant that Defendant uses or knowingly allows another person to use to transmit telephonic sales calls, in the form of text messages, to consumers in an automated and *en masse* fashion.

24.     Each text message sent by or on behalf of Defendant to Plaintiff Aguilar's 8717 Number originated from the telephone number (737) 259-4171, which is number leased or owned by or on behalf of Defendant that Defendant uses or knowingly allows another person to use to transmit telephonic sales calls, in the form of text messages, to consumers in an automated and *en masse* fashion.

25.     All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff Garcia's 6745 Number and Plaintiff Aguilar's 8717 Number occurred using an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a).  Specifically, Defendant utilized an "automated system for the selection or dialing of telephone numbers" to transmit the subject text messages to Plaintiff Garcia's 6745 Number and Plaintiff Aguilar's 8717 Number because such messages were sent from telephone numbers used to message consumers *en masse*; because Defendant's dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously; and because the hardware and software used by Defendant to send such messages have the capacity to both select numbers to be dialed and to dial such numbers in an automated fashion.  And indeed, Defendant (or another person Defendant knowingly allowed to act on its behalf) actually transmitted the text messages at issue in this case to Plaintiff Garcia and Plaintiff Aguilar in an automated fashion, with hardware and software that automatically selected and dialed Plaintiff Garcia's 6745 Number, Plaintiff Aguilar's 8717 Number, and the other telephone numbers to which it transmitted such text messages.

26.     Because Plaintiff Garcia's cellular phone alerts her whenever she receives a text message, each telephonic sales call by or on behalf of Defendant to Plaintiff Garcia's 6745 Number invaded Plaintiff Garcia's privacy and intruded upon Plaintiff Garcia's seclusion upon receipt.

27.     Likewise, because Plaintiff Aguilar's cellular phone alerts her whenever she receives a text message, each telephonic sales call by or on behalf of Defendant to Plaintiff Aguilar's 8718 Number invaded Plaintiff Aguilar's privacy and intruded upon Plaintiff Aguilar's seclusion upon receipt.

28.     Neither Plaintiff Garcia nor Plaintiff Aguilar has ever provided her "prior express written consent" to Defendant or any other party acting on Defendant's behalf to authorize the subject telephonic sales calls to Plaintiff Garcia's 6745 Number  or Plaintiff Aguilar's 8717 Number by means of an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a). Indeed, prior to making (or knowingly allowing another person to make on its behalf) the subject telephonic sales calls to Plaintiff Garcia's 6745 Number and/or Plainitff Aguilar's 8717 Number, Defendant lacked a signed written agreement with Plaintiff Garcia or Plaintiff Aguilar that complies with the requirements of Fla. Stat. § 501.059(1)(g).

## CLASS ALLEGATIONS

29.     <u>Class Definition</u>. Plaintiffs bring this civil class action on behalf of themselves individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" which Plaintiffs seek to represent is comprised of and defined as follows:

> All persons in Florida who, at any time since July 1, 2021, received a telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make telephonic sales calls to Plaintiffs.

30.     Excluded from the class are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

31.     Plaintiffs reserve the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

32.     The members of the class are ascertainable because the class is defined by reference to objective criteria. In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

33.     Plaintiffs and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

34.     This Class Action Complaint seeks injunctive relief and monetary damages.

35.     Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the FTSA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

36.     This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

37.     <u>Numerosity</u>.  The number of persons within the Class is substantial, believed to amount to at least several thousand persons dispersed throughout Florida, who collectively received at least tens of thousands of telephonic sales calls by or on behalf of Defendant since July 1, 2021.  It is, therefore, impractical to join each member of the Class as a named plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  The

disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

38.    <u>Typicality</u>.    Plaintiffs each received at least one telephonic sales call from Defendant since July 1, 2021 while in Florida, and Defendant lacks any record establishing either Plaintiff's "prior express written consent."  Consequently, the claims of Plaintiffs are typical of the claims of the members of the Class, and Plaintiffs' interests are consistent with and not antagonistic to those of the other Class members they seek to represent.  Plaintiffs and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's FTSA-violative misconduct as alleged herein.

39.    <u>Adequacy</u>.    As the proposed Class representatives, Plaintiffs have no interests adverse to or which conflict with the interests of the absent members of the Class, and each is able to fairly and adequately represent and protect the interests of such a Class.  Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims.  If necessary as the litigation (including discovery) progresses, Plaintiffs may seek leave to amend this Amended Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.

40.    <u>Competency of Class Counsel</u>.    Plaintiffs have retained and are represented by experienced, qualified, and competent counsel committed to prosecuting this action.  Plaintiffs' counsel are experienced in handling complex class action claims, including in particular claims brought under consumer protection and data-privacy statutes similar to the FTSA.

41.    <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not

vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

     a)  Whether Defendant made or knowingly allowed another person to make the subject text messages to Plaintiffs' and Class members' cellular telephones;

     b)  Whether such text messages were sent using an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a);

     c)  Whether Defendant can meet its burden to show that it obtained prior "prior express written consent" to transmit the subject text messages within the meaning of Fla. Stat. § 501.059(1)(g), assuming such an affirmative defense is timely raised;

     d)  Whether any of the violations of the FTSA committed by or on behalf of Defendant were knowing or willful;

     e)  The amount of statutory damages to which Plaintiffs and the Class are entitled as a result of any violations of the FTSA committed by or on behalf of Defendant; and

     f)  Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

42.    <u>Superiority.</u>  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of individual litigation on behalf of each Class member is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the court system could not; multiple trials of the same factual issues would magnify the delay and expense to all parties and the court system.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court

system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the FTSA and thus protect consumers' privacy. The interests of Class members in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the FTSA are likewise relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and because Defendant lacks any record reflecting that it obtained the requisite prior express written consent from any Class member to be sent such messages. Class members can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

43.     Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

44.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

45.     On application by Plaintiffs' counsel for class certification, Plaintiffs may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

## CLAIM FOR RELIEF
### VIOLATION OF THE FLORIDA
### TELEPHONE SOLICITATION SALES ACT
### (FLA. STAT. § 501.059)

46.     Plaintiffs incorporate by reference the foregoing paragraphs of this Amended Class Action Complaint as if fully stated herein.

47.     Since July 1, 2021, Defendant has made, or knowingly allowed to be made on its behalf by another person, at least one text message to Plaintiff Garcia's 6745 Number, and Plaintiff Garcia received such text messages in Florida.  Plaintiff Garcia's 6745 Number is assigned an area code that corresponds to a range of geographic locations in Florida.

48.     Since July 1, 2021, Defendant has made, or knowingly allowed to be made on its behalf by another person, at least one text message to Plaintiff Aguilar's 8717 Number, and Plaintiff Aguilar received such text messages in Florida.  Plaintiff Aguilar's 8717 Number is assigned an area code that corresponds to a range of geographic locations in Florida.

49.     Likewise, since July 1, 2021, Defendant has made, or knowingly allowed to be made on its behalf by another person, at least one text message to each of the telephone numbers regularly used by the members of the Class in Florida.

50.     Because Plaintiff Garcia is, and at all relevant times referenced herein was, the "regular user of" the 6745 Number, Plaintiff Garcia was the "called party" with respect to each of the text messages made by Defendant (or knowingly allowed to be made on its behalf by another person) to the 6745 Number.

51.     Likewise, Because Plaintiff Aguilar is, and at all relevant times referenced herein was, the "regular user of" the 8717 Number, Plaintiff Aguilar was the "called party" with respect to each of the text messages made by Defendant (or knowingly allowed to be made on its behalf by another person) to the 8717 Number.

52.     Each Plaintiff is "an actual or prospective purchaser, lessee, or recipient of consumer goods or services" within the meaning of the FTSA. *See* Fla. Stat. § 501.059(1)(b).

53.     At least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to Plaintiff Garcia's 6745 Number and Plaintiff Aguilar's 8717 Number was made for the purpose of "soliciting a sale of . . . consumer goods or services" to Plaintiff, or "obtaining information [from Plaintiff] that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to Plaintiff. *See id*. § 501.059(1)(b) & (1)(i). Accordingly, at least one of the subject text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff Garcia's 6745 Number and Plaintiff Aguilar's 8717 Number constituted a "telephonic sales call." *Id*. § 501.059(1)(i).

54.     Likewise, at least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to each of the telephone numbers regularly used by the members of the Class was made for the purpose of "soliciting a sale of . . . consumer goods or services" to the Class member to whom the message was sent, or "obtaining information [from the Class member] that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to him or her. *See id*. § 501.059(1)(b) & (1)(i). Accordingly, at least one of the subject text messages that Defendant made or knowingly allowed another person to make on its behalf to each of the Class members' telephone numbers constituted a "telephonic sales call*." Id*. § 501.059(1)(i).

55.     Each of the telephonic sales calls made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to Plaintiff Garcia's 6745 Number, Plaintiff Aguilar's 8717 Number, and to the Class members' telephone numbers occurred using an

"automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a).

56.     Prior to making or knowingly allowing another person to make on its behalf the subject telephonic sales calls to Plaintiff Garcia, Plaintiff Aguilar, and the members of the Class, Defendant failed to obtain the "prior express written consent" from either Plaintiff or any member of the Class.  Indeed, prior to making the subject telephonic sales calls to Plaintiff Garcia's 6745 Number, Plaintiff Aguilar's 8717 Number, and to the telephone numbers regularly used by the members of the Class, Defendant lacked a signed written agreement with either Plaintiff or any Class member that complies with the requirements of Fla. Stat. § 501.059(1)(g).

57.     Plaintiffs and all Class members are entitled to, and do seek, injunctive relief prohibiting Defendant's future transmission of telephonic sales calls to the telephone numbers regularly used by Plaintiffs and the members of the Class absent their prior express written consent pursuant to Fla. Stat. § 501.059(10)(a)(1), as well as an award of $500.00 in statutory damages for each violation of the FTSA committed by or on behalf of Defendant pursuant to Fla. Stat. § 501.059(10)(a)(2) (or $1,500 for each such violation committed willfully or knowingly pursuant to pursuant to Fla. Stat. § 501.059(10)(b)).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Camila Garcia and Nathalia Aguilar pray for relief and judgment in favor of themselves and the Class as follows:

A.     Injunctive relief sufficient to ensure Defendant refrains from violating the FTSA in the future pursuant to Fla. Stat. § 501.059(10)(a)(1);

B.      Statutory damages of $500.00 for each of themselves and each Class member for each of Defendant's violations of the FTSA (or $1,500.00 for each such violation to the extent committed willfully or knowingly) pursuant to Fla. Stat. § 501.059(10)(a)(2) & (10)(b);

C.      An Order, pursuant to Florida Rule of Civil Procedure 1.220, certifying this action to be a proper class action, establishing an appropriate Class and any Subclass(es) the Court deems appropriate, finding that each Plaintiff is a proper representative of the Class, and appointing the attorneys representing Plaintiffs as counsel for the Class; and

D.      An award of attorneys' fees and costs to Plaintiffs' counsel pursuant to Fla. Stat. § 501.059(11) and Florida Rule of Civil Procedure 1.220.

## DEMAND FOR JURY TRIAL

On behalf of themselves and all others similarly situated, Plaintiffs demand a trial by jury on all claims and issues so triable.

Dated:  January 31, 2023                    **HEDIN HALL LLP**

By:     /s/ Frank S. Hedin
                Frank S. Hedin

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone:      + 1 (305) 357-2107
Facsimile:      + 1 (305) 200-8801

*Counsel for Plaintiffs and the Putative Class*